In The United States District
Court, Fargo, North Dakota

Anthony Moore, Plaintiff )
)
v. )
Governor John Hoeven )
Et, al, Defendants, )
)

Case No. 08-CV-50

## Amended Complaint

## Statement of the Claims

(1) The North Dakota State Penitentiary
Employees and Officials have open-
ed my legal mail and privilege ma
il outside of my presence on four
occasions and they have refused to
follow their policy on prisoner incom-
ing and or privilege mail, see attach-
ed exhibits A, B, C, D, ato the ini-

Page 1 of 16

tial Complaint.

2) The North Dakota State Penitenti-
ary employees and officials have
deprived me of Due Process by fin-
ding me guilty of class a incident
reports with no evidence to support
their conclusions on Jour separate
occasions. there is no evidence for
any assault, Sexual Harassment, D-
isobeying a verbal order or that I
threw any bodily fluids under an-
other prisoners cell door, see attac-
hed exhibits E, F, G, H, I, J, K,
L, M, N, 2a, 2b, 2c, 2d, and to
ze, 2f, 2, x, 2H
the initial Complaint.

3) The North Dakota State Penitenti-
ary employees and officials have act-
ed with a deliberate Indifference

Page 2 of 16

to the plaintiffs serious dental needs by a refusal to treat me for excruciating pain and suffering in lower teeth and a refusal to refill fillings in lower teeth that require to be refilled immediately see attached exhibit N to the initial complaint

(4) The North Dakota State Penitentiary employees and officials have deprived the plaintiff of due process by finding the plaintiff guilty of Class B, infraction reports with no evidence to support their conclusions on several occasions, see Exhibits O to the initial complaint.

(5.) The North Dakota State Penitenti-

Page 3 of 16

ary employees and officials have deprived the petitioner of due process by a refusal to give me notice of hearing for June 6, 2008, see exhibits I, M, attached to the initial complaint.

(6) The North Dakota Supreme Court Justices have deprived the plaintiff of due process by a refusal to file any of my complaints against licensed attorneys that I submitted, and the supreme court has unconstitutionally ordered a limitation and restriction on the complaints that the plaintiff files. see attached exhibits P, Q, R, S, J. to the initial complaint.

(7) Mr. Daniel Hovland, Mr. Charles Mil-

Page 4 of 16

ler, Mr. Ralph Erickson, and a Mrs. Karen Klein, Mrs. Alice R. Senechal Mr. Rodney Webb have all unconstitionally Retaliated against the plaintiff through their pleadings and a Refusal to file the petitioners Habeas Corpus Writ dated for July 21, 2008 because of the plaintiff submitting and filing complaints against Federal Judges namely against them, the plaintiff has engaged in protected Conduct, an adverse action was taken and the action was motivated by the plaintiffs protected Conduct, see exhibits R, V attached to the initial Complaint.

(8) Mr. John Hoeven has placed the pl-

Page 5 of 16

aintiff into imminent danger of serious physical injury by continuing to allow the State employees subordinates to violate my constitutional rights. See all attached exhibits to the initial complaint. He refuses to do anything.

(9) The North Dakota Supreme Court Justices: Mr. Gerald Vande Walle, Mr. Daniel J. Crother, Mrs. Carol Ronning Kapsner, Mrs. Mary Muehlen Maring have deprived the plaintiff of due process and equal protection denial by a refusal to file and rule on the plaintiffs motions that he submits to the Supreme Court. See attached exhibits W, X to the initi-

Page 6 of 16

al Complaint

10) The North Dakota State Board of Social Workers and psychologist Board have deprived the plaintiff of due process and a denial of equal protection by a refusal to aknowledge, process, and decide on any of the complaints that I have submitted to both separate boards against a Mrs. Sandra Bender, Mrs. Lynn Hock and a Mr. Mark Hanlon. I have filed Two separate complaints against each Indivduals mentioned above in the year of 2007, 2008 the Boards refuse to even acknowledge process and render a decision on the complaints, I mailed numerous.

Page 7 of 16

follow up correspondences inquir-
ing into the status of the Compla-
ints. Both Boards have been un-
responsive. see attached exhibit
Y to the initial Complaint.


(11) The plaintiff (anthony Moore) is at-
tempting to vindicate a Constitu-
tional right violated by the def-
endants. If would be barred from
the Court if title 28 U.S.C, 1915
(9) was applied, a dismissal sh-
ould not count against the pla-
intiff until he has exhausted the
appeal process in the Eighth Cir-
cuit Court of appeals. even then
there are circumstances that will
allow the plaintiff to advance

Page 8 of 16

and contend forward, upon depletion of the Three Strikes provision or a Plaintiff bringing more than Three lawsuits, in Forma pauperis, there are still exceptions

12) The North Dakota Supreme Court Justices Mr. Vande Walle, Mr. Sandstrom, Mr. Crothers, Mrs. Ronning Kapsner, Mrs. Maring have all unconstitutionally retaliated against the plaintiff by ordering a limitation and restriction because of the plaintiff exercising his constitutional rights to file and submit complaints against licensed attorneys, the plaintiff has engaged in Protected Conduct, and an adverse action was taken and

Page 9 of 16

the action was motivated by the plaintiffs protected conduct, see exhibits P through T.

(13) The Supreme Court Justices for North Dakota: Mr. Vande Walle, Mr. Crothers, Mr. Sandstrom, Mrs. Kapsner Mr. Maring and Mr. John Hoeven Mr. Daniel Hovland, Mr. Charles Miller Mrs. Karen Klein, Mr. Ralph Erickson, Mr. Rodney Webb, Mrs. Alice R. Senechal, and the North Dakota Board of Social Workers, and psychologist Board have all deprived the plaintiff of due process and a denial of equal protection and a violation of the plaintiffs constitutional rights by allowing North Dakota State Penitentiary

Page 10 of 16

employees and officials to con-
stantly violate the plaintiffs
Constitutional Rights, they all
refuse to do anything to stop
prevent, or compensate the plain-
tiff for relentless violations of
the plaintiffs Constitutional Rights
by the penitentiary employees and
officials, they are allowing the
penitentiary employees and officials
to do whatever as they very well
please without consequences or
any subsequences, their lawless-
ness and inaction as well
as their denials with no purpose
but to be vindictive and to infli-
ct cruel punishment upon the pl-

Page 11 of 16

aintiff and especially to make me suffer, they have all abused their authority and discretion.

(14) The North Dakota State penitentiary employees and officials have violated the plaintiffs Constitutional rights by the release of his medical Records without a court order or release of information signed by the plaintiff, this has happened during the month of August 2008

Page 12 of 16

# Verification

I anthony Moore, hereby verifies that everything in the complaint written by me is truly. I declare under title 28 U.S.C. 1746 and under perjury

Anthony Moore
North Dakota State Prison
Bismarck, North Dakota
58506-5521

August 8, 2008

Page 13 of 16

# Statement of the Facts

For the Statement of the Facts, see the initial Complaint Statement of the facts One through Ten. pages 11 through 14.

for the new claims see the attached exhibits $\exists e, zf, zg, zh.$ $\exists a, zb, zc, zd,$ exhibit z proves that all administrative remedies have been exhausted to claim number z.

# Part VI Relief

1) The plaintiff request 5,000 dollars for his mail being opened outside of his presence. on four occasions.

2) For deliberate indifference to dental needs the plaintiff request a court order to be exam—

Page 14 of 16

ination by the Federal government

(3) The claims against the Supreme Court of North Dakota, the plaintiff request 5,000 dollars for retaliation claim for the others the plaintiff request a court order from the Federal Court vacating the Supreme Courts order on restriction and limitations.

(4) For the claims against the Federal judges the plaintiff request 25,000 dollars.

(5) The claims against the Social workers board and psychologist board the plaintiff request a

Page 15 of 16

Court order that they respond to all complaints. and or 5,000 dollars.

(6) For the rest of the claims the plaintiff request a court order that he be transferred to a state or federal facility to do the remainder off his state nce. outside of the five state area

Anthony Moore
North Dakota State Prison
Bismarck, North Dakota
58506-5521

August 8, 2008

Page 16 of 16



# INCIDENT REPORT
## NORTH DAKOTA STATE PENITENTIARY
SFN 13371 (2-95)

| Inmate Name | Register Number | Date of Incident | Time approx |
|---|---|---|---|
| Moore, Anthony | 22547 | 7/24/08 | 6:30 pm |

| Place of Incident | Assignment | Quarters |
|---|---|---|
| East AS Inmate Cellhouse | unassigned | AS 1 E-8 |

| Incident | Code |
|---|---|
| Sexual Harassment | A-23 |

**Description of Incident**

On 7/24/08 @ approximately 6:30 pm I was conducting routine med pass in the Administrative Segregation Unit of the East tier. I went to administer inmate Moore's medication, while holding the med cup in my R) hand I was attempting to place the medication in inmate Moore's hand, when inmate Moore stroked my R) thumb, index & 3rd finger in a back & forth motion with his first 3 fingers of his hand. I quickly closed the tray door. Correctional Officer Dillon was assisting another inmate down the tier at the time. I completed medline on the east tier, then returned back down the east tier, when inmate Moore stopped me. He then asked for his medicated cream. I placed the cream in a paper cup attempting to place the cup on the tray door, when inmate Moore again took my R) thumb, index & 3rd finger into his 3 fingers stroking them back and forth as before. I closed the tray door and immediately left.

| Signature of Reporting Employee | Name and Title (Printed) |
|---|---|
| Denise Mische | Denise Mische RN |

| Shift Supervisor's Review and Recommendation | Shift Supervisor |
|---|---|
| | |

| Notice of Incident Report To Committee Delivered By | Date Delivered | Time Delivered |
|---|---|---|
| LINDA M. LEUWER | 7.30-08 | 6:50 pm |

## Adjustment Committee

- [X] Inmate Acknowledged Receipt of Report
- [ ] Inmate Requests No Representation
- [X] Inmate Represented By CCW Schulz
- [X] Inmate Asked About Witness
- [X] Inmate Given 24-Hour Notice

**Comments of Inmate to Committee Regarding Above Incident**

Jaion paellot and James Gray as his witnesses and we have their statements. He stated he wanted officer Dillon and the east side camera also as witnesses. CCW Schulz is his staff rep. Report is not accurate. None of this happened and the video camera would prove this not to be true. I want the committee to call officer Dillon he was there and will say none of this

2 a)

The delivery of this report shall be considered your notice that you will be called before the adjustment committee. This call will not occur in less than 24 hours without a request from an inmate.

Inmate has the right to have a staff member assist him/her at the adjustment committee hearing. The inmate should contact the staff member prior to the hearing so that the report may be reviewed.

Inmates will be offered an opportunity to make comments at the hearing; however, these comments may be used as a basis for determining the facts concerning the incident and can have an effect on the recommendations the committee makes to the Warden.

The adjustment Committee has the right to reduce all incident reports to a Class !II violation and impose such sanctions. These reports will then be non-appealable.

SFN 13371 (Rev. 02-2003) Page 2

| Inmate Name | Date of Incident | Code |
|---|---|---|
| Anthony Moore | 7-24-08 | A-23 |

**Comments of Inmate to Committee Regarding Above Incident**

Appealed. Review the camera and you will see this never took place. Report should be dismissed and the Nurse Fired.

**It is the Finding of the Committee That: (Check Applicable Box)**

[X] You committed the prohibited act as charged

[ ] You committed the following prohibited act _____.

[ ] Reduced to Class _____.
(Class III Violations are non-appealable).

[ ] Warning

[ ] You did not commit a prohibited act

**Committee findings are based on the following:**

[X] Incident Report
[ ] Physical Evidence
[ ] Witness Testimony
[ ] Pvt: M.I. Check
[X] Investigative Report
[ ] Inmate Admissions
[ ] Inmate's Testimony
[ ] Staff Testimony
[ ] Confidential Information
[ ] Lab Report

We find you guilty based on the incident report, investigative report and your history of Sexual Harassment. (this is his 5th A-23 report).

**Committee Recommendation to the Warden Is:**

LOSS OF ___6___ MONTHS GOODTIME

___30___ DAYS DISCIPLINARY DETENTION

CREDIT TIME SERVED IN DETENTION

| Date of Action | Chairman Signature |
|---|---|
| 8-4-08 | Robert Allen (Rob Heier) |
| Member Signature | Member Signature Steve Bennet    Steve Bennet |

As Warden of the North Dakota State Penitentiary, I approve/disapprove the Adjustment Committee's Recommendations.

| Date of Action | Warden Signature |
|---|---|
| | |

2 b



# APPEAL FROM DISCIPLINARY COMMITTEE ACTION
DEPARTMENT OF CORRECTIONS AND REHABILITATION
Prisons Division
SFN 11116 (Rev. 07-2002)

RECEIVED

AUG 05 2008

| Inmate Name: Anthony Moore | Inmate Number: 22547 | Date: 8-04-08 |
|---|---|---|

| This is an Appeal to: [X] Warden [ ] DOCR Director | Received By: (Officer's Signature) _Samuel_ COIII | Date Received: 8/5/08 |
|---|---|---|

Any resident who wishes to appeal the decision of the Disciplinary Committee to the Warden must do so within 15 days after such action. The action by the Committee and the Warden may be further appealed to the Director of Corrections 48 hours after notification to the resident of the Warden's action. Fill out the information completely and have the officer sign this form when you turn in your appeal. They will log your appeal and give you the 2nd page as your receipt.

**Charges and the Date of Incident:** Sexual Harassment July 24, 2008

**Committee Sanctions:** 6 month loss of good time 30 days of disciplinary detention

**Reason for Appeal:** There is certainly no evidence of Sexual Harassment, the charges are trumped up and the incident report is manufacture, this only deprives me of Due Process. The witnesses: James Kerwe, Jason Pellot, Officer Nicholas Dillion, and the eyeball they cameras can all testify that I did not do what I have been accused of doing, these particular witnesses disproves the Complainants contentions as to be utterly false. Speak to all witnesses especially contact by phone Nicholas Dillion, review the camera dismiss the incident report as well as, Nurse Denise Mesche for misrepresentation falsehoods.

**Warden/Director's Response:** I have read your report and this appeal. Your witnesses' statements were considered by the committee. COII Dillion was not present at the time of the incident (he was speaking to another inmate on the tier) so he did not witness your touching the nurse. The camera is of no help. The committee weighed all the evidence, and decided that, you was guilty of the A-23. They found the nurses' testimony to be more credible than yours.

I Support their decision and agree with the sanctions they gave. Your appeal is Denied.

| Warden/Director Signature: _[signature]_ | Date: 8/5/08 |
|---|---|

**DISTRIBUTION:  ORIGINAL** - Warden/Director        **COPY** - Inmate Receipt

**Central Office**

PO Box 1898 ● 3100 Railroad Avenue
Bismarck, ND  58502-1898

(701) 328-6362 ● Fax (701) 328-6651

TDD 1-800-633-6888 ● TTY Voice 1-800-366-6889

**NORTH DAKOTA**
**Department of Corrections**
**& Rehabilitation**

John Hoeven, Governor
Leann K. Bertsch, Director

June 11, 2008

Anthony Moore, DOC #22547, SID #141598
North Dakota State Penitentiary
P.O. Box 5521
Bismarck, ND 58506-5521

RE:    Appeal From Adjustment Committee Action (2008-232)

Dear Mr. Moore:

You received an incident report for violating code A-43, Disorderly conduct, on May 30, 2008. On June 6, 2008 the adjustment committee reviewed the incident and made a recommendation to the Warden.  He approved their action on June 6, 2008.  You appealed that decision to the Warden and on June 9, 2008 he denied your appeal.  You appealed the Warden's decision.  Only loss of good time, the assessment of fines and restitution, and the forfeiture of monies may be appealed to the Director of the Department of Corrections and Rehabilitation.

You have been found guilty of the offense alleged and the loss of good time is appropriate.  Your appeal is denied.

Sincerely,

Leann K. Bertsch
Director

c:    Director Emmer
      Warden Schuetzle
      Case History File
      DOCR File

Exhibit J