IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| Anthony Moore, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:08-cv-50 |
| ) | |
| Gov. John Hoeven, et al., ) | |
| ) | |
| Defendants. ) | |

**<u>AMENDED ORDER DENYING DEFAULT JUDGMENT</u>**

On December 19, 2008, the Court issued an order denying Plaintiff's Motion for Default Judgment (doc. #51). In his motion, Plaintiff claimed he was entitled to default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure because the defendants did not respond to his Motion for Summary Judgment (doc. #45) within thirty days.

Upon further review, the Court notes that, at the time of the default judgment motion, nothing in the record established proof of service of the complaint upon any of the defendants. Waivers of service for some defendants were only filed as of January 5, 2009 (doc. #54, 55). Under Rule 12(a)(1), those defendants have sixty days from November 14, 2008, the date which the request for waiver was sent, to file an answer to the complaint (doc #44). Accordingly, default judgment is not in order because service was not established at the time. The Court renews its **DENIAL** of Plaintiff's Motion for Default Judgment.

Furthermore, Plaintiff has filed a notice of interlocutory

appeal as to the Order Denying Default Judgment (doc. #52). Pursuant to Rule 54(b), the Court's decision was not a final and appealable order adjudicating all the claims and rights of the parties. The Court will therefore construe the notice liberally as a motion for leave to certify the Default Judgment Order as final for interlocutory appeal under 28 U.S.C. § 1292(b).

Section 1292(b) allows a court to certify an order not otherwise appealable for immediate appeal if it finds "that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Eighth Circuit has held that "[p]ermission to allow interlocutory appeals should thus be granted sparingly and with discrimination." Union County, Iowa v. Piper Jaffray & Co., Inc., 525 F.3d 643, 646 (8th Cir. 2008). In this case, the default judgment order does not meet the three-pronged test necessary for certification of immediate appeal under 28 U.S.C. § 1292(b). Therefore, the Court declines to certify the order as final for immediate appeal. The Plaintiff's Motion for Leave to Certify is **DENIED**.

**IT IS SO ORDERED.**

Dated this 6th day of January, 2009.

_____
RODNEY S. WEBB, District Judge
United States District Court