IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Anthony Moore, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:08-cv-50 |
| | ) | |
| vs. | ) | **ORDER DENYING PLAINTIFF'S** |
| | ) | **MOTION FOR SUMMARY** |
| Gov. John Hoeven, et al., | ) | **JUDGMENT AND GRANTING** |
| | ) | **DEFENDANTS' MOTION TO DISMISS** |
| Defendants. | ) | |

_____

Before the Court are (1) Plaintiff Anthony Moore's ("Moore") Motion for Summary Judgment filed on November 14, 2008 (Docket No. 45); and (2) Defendants Gov. John Hoeven's, et al., Motion to Dismiss filed on January 12, 2009. (Docket No. 58.)  For the reasons set forth below, the Defendants' Motion to Dismiss is **GRANTED** and the Plaintiff's Motion for Summary Judgment is **DENIED AS MOOT**.

I.      BACKGROUND

Plaintiff Moore, an inmate at the North Dakota State Penitentiary ("NDSP"), filed a complaint seeking redress from various governmental entities and employees for violations of his constitutional rights under 42 U.S.C. § 1983 on June 19, 2008.  Pursuant to 28 U.S.C. § 1915A, the Court conducted a preliminary screening of Moore's complaint to identify cognizable claims. Adopting the Report and Recommendation (Docket No. 38) by the Honorable Alice Senechal, United States Magistrate Judge, the Court ordered Moore's Fourth Proposed Amended Complaint (Docket No. 43) be allowed to proceed, in part, and be dismissed, in part. (Docket No. 42.)  Claims one through five were allowed to proceed while claims 6 through 13 were dismissed.  Claim One concerns NDSP's handling of Moore's "legal mail."  Moore alleges in Claim Two that there was

insufficient evidence to support certain disciplinary actions taken against him which resulted in his due process rights being violated. Claim Three alleges due process and equal protections violations arising out of disciplinary actions taken without evidentiary support. Claim Four alleges due process and equal protection violations in the form of a failure to provide notice of prison disciplinary proceedings. Claim Five alleges prison officials violated Moore's due process and equal protection rights when they refused to allow him to call witnesses during disciplinary proceedings. These remaining claims are the subject of the current motions before the Court.

After an appeal from an order denying his Motion for Default Judgment, Moore filed a "Motion to Reopen the Case." (Docket. No. 68.) Magistrate Judge Senechal denied this motion as moot in an order dated June 23, 2009, holding that it was unnecessary since the case was never closed during the appeal. (Docket No. 74.) The order also directed Moore to file any response he may have to the Defendant's Motion to Dismiss before July 31, 2009, and to serve his Motion for Summary Judgment on the Defendants before that date as well. Thereafter, Moore filed an "Appeal of the Magistrate Judge's Decision" on June 29, 2009. (Docket No. 75.) That Appeal was denied September 8, 2009, and Moore was given additional time to refile his Motion for Summary Judgment and respond to the Government's Motion to Dismiss. Moore responded with a filing on September 11, 2009, in which he makes a number of contradictory statements. First, he states he will not file his Motion for Summary Judgment. Secondly, he asks the Court to consider his Summary Judgment Motion, which was never properly served on the Defendants, as his response to the Defendants' Motion to Dismiss. Lastly, he states the issues in his Motion for Summary Judgment and the Defendants' Motion to Dismiss do not coincide.

As Moore has refused to refile his Motion for Summary Judgment the Court will deny the previous filing (Docket No. 45.) as moot based upon the improper service. The Court will now turn

to the Defendants' Motion to Dismiss, gleaning what it can by way of response from Moore's filings at Docket entries 45 and 82.

## II.     STANDARD OF REVIEW

A complaint may be dismissed for failure to state a claim for which relief can be granted when it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. Fed. R. Civ. P. 12(b)(6); Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994). Although the Court must assume all facts alleged in the complaint to be true and construe the complaint in a light most favorable to the plaintiff, the complaint must contain sufficient facts, rather than mere conclusions, to satisfy the legal requirements of the claim. Quinn v. Ocwen Federal Bank FSB, 470 F.3d 1240, 1244 (8th Cir. 2006). Additionally, the Court may consider documents attached to a complaint, and those incorporated by reference in the complaint in ruling on a motion to dismiss. Fed. R. Civ. P. 10(c); In re K-tel Int'l, Inc. Sec. Litig., 300 F.3d 881, 889 (8th Cir. 2002).

The Defendants have moved to dismiss under Rule 12(6) of the Federal Rules of Civil Procedure. In so moving the Defendants have attached and relied upon a number of exhibits. Generally, citing matters outside the pleadings requires the Court to treat the motion as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). The Court has several options in such a case. These include excluding matters outside the pleadings in consideration of the motion or proceeding under Rule 56, provided notice is given to the parties before doing so. See Reihm v. Engelking, 538 F.3d 952, 961-62 (8th Cir. 2008).

In this case the only exhibits submitted by the Defendants which the Court has considered are exhibits One, Seven and Eight. Exhibit One contains the relevant portions of the Inmate Handbook. Exhibit Seven is the September 15, 2008, incident report and related documents. Exhibit Eight is the September 21, 2008, incident report and related documents. Exhibits Seven and Eight

are incorporated by reference at pages two and four of the complaint and thus are not considered to be matters outside the pleadings. The Inmate Handbook, which sets forth procedures inmates must follow in order to call witnesses in disciplinary proceedings, is necessarily embraced by the pleadings. Little Gem Life Sciences, LLC v. Orphan Medical, Inc., 537 F.3d 913, 916 (8th Cir. 2008)(noting courts may consider materials which are a matter of public record, do not contradict the pleadings, and materials which are necessarily embraced by the pleadings in deciding a Rule 12(b)(6) motion).

## III.   DISCUSSION

### A.   Capacity–Official or Individual

In a § 1983 action against state officials the plaintiff must indicate if the state officials are being sued in their individual or official capacity. Egerdahl v. Hibbing Cmty. Coll., 72 F.3d 615, 619 (8th Cir. 1995). Only an express statement will suffice. Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999). When a plaintiff fails to make this designation it is presumed that the state officials are being sued in their official capacity. Egerdahl, 72 F.3d at 619. A suit against a state official in his or her official capacity is considered to be a suit against the official's office, and, therefore, the State itself. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). A State and its officials sued in their official capacities are not "persons" within the meaning of § 1983 and thus cannot sued under § 1983. Id. However, state officials sued their official capacity for prospective relief are "persons" under § 1983 and subject to suit because such actions are not treated as actions against the State. Will, 491 U.S. at 71 n. 10.; Murphy v. State of Arkansas, 127 F.3d 750, 754 (8th Cir. 1997).

In addition, the Eleventh Amendment bars § 1983 actions against a State, its agencies, and

state officials acting in their official capacity. Will, 491 U.S. at 66; Murphy, 127 F.3d at 754. Congress can abrogate Eleventh Amendment immunity and a State can waive it. Will, 491 U.S. at 66; Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 (1999). However, Congress did not abrogate Eleventh Amendment immunity when it enacted § 1983 and North Dakota has not waived it. Quern v. Jordan, 440 U.S. 332, 345 (1979); Will, 491 U.S. at 66; N.D.C.C. § 32-12.2.-10. The Eleventh Amendment does not bar suits against state officials in their official capacity which seek prospective relief. Murphy, 127 F.3d at 754 (citing Treleven v. University of Minn, 73 F.3d 816, 819 (8th Cir. 1996)).

The caption of Moore's Fourth Amended Complaint names Governor John Hoeven, et al., as defendants without indicating in what capacity they are being sued. (Docket No. 43.) Governor Hoeven was dismissed as a Defendant during the initial review process. Ten defendants, all state employees, eventually signed and filed waiver of service of summons forms in which they noted they did so in their official capacities only. (Docket No. 55.) The body of the Complaint also fails to reveal in what capacity the defendants are being sued. Thus, the Court must presume that Moore is suing the defendants in their official capacities, for which no cause of action for money damages exits under section 1983. Id. As to claims One, Three, and Four, Moore requests money damages only. As to claim Two, Moore requests prospective relief in the form of a court order that he be transferred to another prison. The prayer for relief as to claim Five requests an order allowing him to call witnesses or $1,000.

Accordingly, the claims against the defendants for money damages must be dismissed. The only claims which survive this analysis are the claims for prospective relief contained in claims Two and Five.

**B.     Due Process**[1]

Claims Two and Five of the Complaint allege due process violations by the NDSP. In Claim Two it is alleged that the NDSP had no evidence for the disciplinary actions of September 15 and 21, 2008. (Compl. ¶ 2.)  Claim Five states that Moore was not allowed to call witnesses at a September 21, 2008, disciplinary hearing. (Compl. ¶ 5.)

   **1.     Claim Two**

The constitutional due process standard of proof in inmate disciplinary proceedings is "some evidence." Superintendant, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454 (1985); Goff v. Burton, 7 F.3d 734, 738 (8th Cir. 1993).  "This standard is met 'if there was some evidence from which the conclusion of the administrative tribunal could be deduced . . . .'" Hill, 472 U.S. at 455 (citation omitted).  Disciplinary determinations are not subjected to de novo review, since "a disciplinary board's factual findings or decisions with respect to appropriate punishment are [not] subject to second-guessing upon review." Id. at 454.

A review of the September 15, 2008, disciplinary proceeding referenced in the Complaint reveals that there was "some evidence" to support the NDSP Disciplinary Committee's ("Committee") conclusions.  NDSP Nurse Brandi Heisler reported that she received an illicit letter signed by Moore and matching his handwriting. (Mot. to Dismiss Attach 7, pp. 1, 3-4.)  When Moore was confronted about the letter, he refused to speak to the investigator, the captain who attempted to deliver the Notice of Disciplinary Hearing, and the Committee. (Id. at pp. 1-2, 5-6.)  A committee is permitted to draw adverse inferences from an inmate's silence during disciplinary proceedings as one of the factors in making its decision. Baxter v. Palmigiano, 425 U.S. 308, 320 (1976).  The letter

---

[1] Although Moore also mentions the Equal Protection Clause in his Complaint the substance of his allegations cannot be construed in any logical fashion which would support an Equal Protection violation.

received by Nurse Heisler signed by Moore and matching his handwriting, together with the adverse inference the Committee was allowed to draw from Moore's silence qualify as at least "some evidence" on which the Committee could base its disciplinary actions. As such, the Complaint fails to allege a viable due process violation under § 1983 for the September 15, 2008 incident. Hill, 472 U.S. at 455.

"Some evidence" also existed to support the September 21, 2008, disciplinary proceeding. Correctional Officer Jason Brazell testified and reported that Moore threatened him, an incident which Moore again refused to discuss with the investigator. (Mot. to Dismiss Attach. 8, pp. 1-2, 3, 5.) The Committee based its determinations on the incident report and testimony of Correctional Officer Brazell. (Id. at p. 2.) This qualifies as at least "some evidence" in support of the Committee's disciplinary decision. See Hrbek v. Nix, 12 F.3d 777, 781 (8th Cir. 1993)("Even when there is substantial evidence to the contrary, the committee may find a guard's report to be credible and therefore take disciplinary action."). Thus, as the "some evidence" standard was met the Complaint fails to allege a viable due process violation under § 1983 for the September 21, 2008 incident as well. Hill, 472 U.S. at 455.

    **2. Claim Five**

Claim Five of the Complaint alleges that Moore's due process rights were violated when he was not given the opportunity to call witnesses at his September 21, 2008, hearing. (Compl. ¶ 5.) Prisoners must be given "an opportunity, when consistent with institutional safety and correctional goals to call witnesses . . . ." Hill, 472 U.S. at 454. As this statement suggests, this right is not unqualified, and is tempered "by the penological need to provide swift discipline in individual cases." Ponte v. Real, 471 U.S. 491, 495 (1985).

The NDSP Inmate Handbook requires inmates to identify witnesses prior to the hearing so

the investigator can gather information and schedule the witness' attendance at the hearing. (Mot. to Dismiss, Attach. 1, p. 2.) Moore refused to meet with the investigator and identify any witnesses before the hearing. This constitutes a waiver of the right call witnesses according to the rules set forth in the Inmate Handbook. (Id. at Attach. 8, pp. 1-4, Attach. 1, p. 2.)  It is conceivable that without such a policy, late witness calling could be used by prisoners as a delay tactic, or to intentionally disrupt the proceedings, frustrating the need for "swift discipline." Ponte v. Real, 471 U.S. 491, 495 (1985).  Since Moore was given the opportunity to call witnesses within the parameters established by the Inmate Handbook, he cannot claim his due process rights were deprived because he chose not to follow it.  Thus, the Complaint fails to allege sufficient facts to state a claim under § 1983 for the inability to call witnesses. Hill, 472 U.S. at 454.

## IV.    CONCLUSION

Upon review of Moore's Complaint, and the documents attached and incorporated by reference, the Court concludes that Moore can prove no set of facts consistent with the allegations that would entitle him to relief under § 1983.  Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss (Docket No. 58), and **DENIES AS MOOT** Plaintiff's Motion for Summary Judgment and Motion for Hearing. (Docket Nos. 45 & 47.)  The Plaintiff's cause of action is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

Dated this 22nd day of September, 2009.

/s/ *Patrick A. Conmy*
Patrick A. Conmy, Senior District Judge
United States District Court